IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                               15cv715 MCA/WPL

FNU BARRELA, et al.,

    Defendants.

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Mark Staake filed a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 3.) There is no Sixth Amendment right to appointed counsel in a civil proceeding. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). When a plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Id.* A decision to deny counsel will only be overturned when it results in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006).

Based on an initial review of the record, Macias appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. Therefore, the interests of justice do not require the appointment of counsel at this time.

IT IS THEREFORE ORDERED that the motion is denied.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.