IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MARK STAAKE,

        Plaintiff,

vs.                                                                No. CV 15-00715 MCA/WPL


FNU BARELA, DOÑA ANA COUNTY CORRECTIONAL
FACILITY DIRECTOR, CORIZON INC., DIRECTOR OF
NURSING TAMMY RUSH, ADMINISTRATOR JASON
DURAN, DR. FNU PEREZ, ALL PROVIDERS CONCERNED
IN THIS MATTER, and ARAMARK, INC.,

        Defendants.


MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and

rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Mark Staake's Verified Civil

Complaint pursuant to 42 USC § 1983. (Doc. 1) ("Complaint").  For the reasons set out, below,

the Court will dismiss the claims against Aramark, Inc. and "All Providers Concerned in this

Matter" for failure to state a claim upon which relief can be granted.  Last, the Court will order

service on the remaining Defendants.

Plaintiff Staake is proceeding pro se and *in forma pauperis*.  The Court has the discretion

to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if the

action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted."

The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a

claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and

1

allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior or vicarious liability for the actions of unnamed employees. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Staake bring this case as a civil rights action pursuant to 42 U.S.C. § 1983, alleging

deliberate indifference to medical needs in violation of the Eighth and Fourteenth Amendments.

In addition to his civil rights claims, Staake also asserts pendant state law claims for medical

malpractice, negligent hiring, credentialing, training, supervision and retention, negligence and

negligence per se, and breach of contract. (Doc. 1 at 9-13).

Staake's Complaint identifies Aramark, Inc. as a Defendant.  The Complaint does not

make any factual allegations of any act or omission by any individual employee or agent of

Aramark, nor does it even allege any conduct resulting in deprivation of a constitutional right by

Aramark as an entity.  Instead, the sole allegation against Aramark is in a section titled

"Corizon" and states as follows:

> "23) Defendant Corizon hired Defendants Dr. Perez, Rush and all
> providers concerned in this matter to be the facility doctor at DACCF
> in Las Cruces New Mexico, a facility operated by Defendant Aramark."

(Doc. 1 at 5).  The Complaint is devoid of any factual allegations sufficient to state a

claim for relief against Defendant Aramark, either under § 1983 or state law, and the claims

against Aramark will be dismissed. *Twombly,* 550 U.S. at 570.

The Complaint also names as defendants "All Providers Concerned in this Matter" and

contains numerous, repetitive allegations against "All Providers."  Plaintiff may not proceed

against a corporate or entity defendant under 42 U.S.C. § 1983 on a theory of vicarious liability

for "all providers."  Further, although Plaintiff may assert vicarious liability claims against a

corporation or entity for acts of employees under state law for negligence, he cannot proceed

against unidentified providers as individual defendants.  The claims against "All Providers

Concerned in this Matter" fail to state a claim upon which relief can be granted.  *Iqbal,* 556 U.S.

at 676. Therefore, the claims against "All Providers Concerned in this Matter" will also be dismissed.

IT IS ORDERED that Plaintiff Mark Staake's claims against Defendants, Aramark, Inc., and "All Providers Concerned in this Matter" are DISMISSED without prejudice for failure to state a claim upon which relief can be granted..

IT IS FURTHER ORDERED that the CLERK is directed to issue notice and waiver of service forms, with copies of the Complaint (Doc. 1) and this Order, for Defendants Barela, Corizon, Inc., Rush, Duran, and Perez.

_____
UNITED STATES DISTRICT JUDGE