IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                                                          15cv715 MCA/WPL

FNU BARRELA, et al.,

    Defendants.

**ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL**

Mark Staake filed a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) on August 13, 2015. (Doc. 3.) I denied the motion on February 18, 2016 (Doc. 12), and entered an amended order denying the motion on March 1, 2016 (Doc. 13). Staake filed a second motion to appoint counsel on April 21, 2016. (Doc. 28.)

There is no Sixth Amendment right to appointed counsel in a civil proceeding. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). When a plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Id.* A decision to deny counsel will only be overturned when it results in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006).

A second review of the record indicates that Staake appears to understand the issues in the case and is representing himself in an intelligent and capable manner. Staake's arguments that he was granted in forma pauperis status, has limited knowledge of the law, and will have to amend his complaint after Chief United States District Judge M. Christina Armijo dismissed some of his claims without prejudice (*see* Doc. 14 at 4) do not warrant appointment of counsel at this time.

Moreover, the case support that Staake cites in his second motion—*Montgomery v. Pinchak*, 294 F.3d 492 (3d Cir. 2002)—does not mandate appointment of counsel under the circumstances. *Montgomery* involved protracted discovery disputes and a plaintiff whose § 1983 claim required complex medical analysis because the prison lost his medical records and his underlying medical conditions affected his heart and immune system. 294 F.3d at 502, 504. Unlike *Montgomery*, Staake's case does not involve discovery issues, lost medical records, or medical analysis of latent medical issues that "do not clearly manifest themselves in ways that are obvious and ascertainable to a lay person." *Id.* at 504. The factors listed in *Montgomery* that Staake argues support the appointment of counsel in his case do not weigh in his favor, for the same reasons.

IT IS THEREFORE ORDERED that the motion (Doc. 28) is denied.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.