IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                             15cv715 MCA/WPL

FNU BARRELA, Director, Dona Ana County
Correctional Facility, CORIZON, INC.,
TAMMY RUSH, Director of Nursing, JASON DURAN,
Administrator, and DR. FNU PEREZ,

Defendants.

**ORDER TO SUBMIT A *MARTINEZ* REPORT**

In a suit brought by a *pro se* prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report, known as a "*Martinez* report," of the investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *See Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte. See id.* at 1109-13; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence."). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

**Directions for Preparing the *Martinez* Report**

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answers that they wish to pursue. Defendants' report must:

1) include a written brief that discusses Staake's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995);

2) state whether records pertaining to the allegations exist;

3) state whether policies or regulations addressing the allegations exist; and

4) include, as attachments, copies of the relevant records, policies, or regulations. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

The *Martinez* report must be filed and served on Staake no later than **November 16, 2016**. Staake must file his response or objections to the report no later than **December 16, 2016**. Defendants must file their reply, if any, no later than **January 3, 2017**.

The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to Staake's claims.

IT IS SO ORDERED.

*/s/ William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.