IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                                                      15cv715 MCA/WPL

FNU BARRELA, Director, Dona Ana County
Correctional Facility, CORIZON, INC.,
TAMMY RUSH, Director of Nursing, JASON DURAN,
Administrator, and DR. FNU PEREZ,

    Defendants.

**ORDER DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Mark Staake filed his third Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. 47.) Defendants filed a response. (Doc. 52.) I denied Staake's prior two motions to appoint counsel. (Doc. 13, 30.)

There is no Sixth Amendment right to appointed counsel in a civil proceeding. *See MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). When a plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Id.* A decision to deny counsel will only be overturned when it results in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006).

A third review of the record indicates that Staake appears to understand the issues in the case and is representing himself in an intelligent and capable manner. Staake argues in his motion that he lacks the legal knowledge to obtain the relevant medical and institutional records, but this assertion, even if true, does not warrant the appointment of counsel. Moreover, it is moot because I entered an Order to Submit *Martinez* Report (Doc. 53), which should produce all the records required to resolve this lawsuit. Therefore, Staake's motion (Doc. 47) is denied.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.