IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                                       15cv715 MCA/WPL

FNU BARRELA, et al.,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION ("PFRD")**

This PFRD addresses pro se plaintiff Mark Staake's Motion for Leave to File an Amended, Supplemental Complaint. (Doc. 72.) Defendants filed a response (Doc. 75), and Staake filed three documents in reply (Docs. 76, 77, 78), which I construe together. Defendants also filed a surreply. (Doc. 82.) I recommend the Court grant-in-part and deny-in-part Staake's motion.

The Court's Memorandum Opinion and Order ("MOO") dismissed without prejudice Staake's claims against Aramarck, Inc., and "All Providers Concerned in this Matter" raised under the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and New Mexico state law. (*See* Doc. 14 at 3.) Defendants later mailed Staake his medical records from the Doña Ana County Detention Center and the *Martinez* report. (*See* Doc. 52 at 6; Doc. 58 at 25.) Staake reviewed this information and now seeks to add six allegedly culpable medical providers as defendants: "FNP Roslyn Walden," "NP Eduardo Beruman," "RN Isaac Lucero," "Deisy Natividad," "Lindsey Huckett," and "MD. Manual Vaquera." (Doc. 72 at 3.) Staake notes that he did not know the names of these providers when he filed his original complaint, which is why he used the phrase "All Providers Concerned in this Matter" in the case caption. (*Id.* at 1; *see also*

Doc. 1 at 3 ("Plaintiff is unaware of full and/or correct names of the defendants throughout this complaint. The Plaintiff prays this Court will permit this complaint to proceed and he will advise the Court of proper names as he discovers such.").)

Staake's proposed amended complaint, in addition to naming six new defendants, is more detailed and includes pinpoint citations to the *Martinez* report. For example, compare his description of his initial medical screening in the original complaint—"Plaintiff arrived at DACCF on January 19, 2013, during the intake process plaintiff advised the nurse practicioner/medical department of the main meds plaintiff has been taking the last eight years prior to arriving at DACCF" [sic] (Doc. 1 at 6)—with his description of the same events in his proposed amended complaint—"I arrived at DACCF on January 19th 2013. I came from a prison in Vermont. When I got to DACCF I had a current prescription of Elavil 100 MG. (See M.R. Pages 0135 through 0138). There was a discharge summary sent as well. (Se[e] M.R. P. 0135)[.]" (Doc. 72 at 8). The specificity in the proposed amended complaint weighs in favor of granting leave to amend because it gives the Court more precise allegations, which in turn should yield a more precise adjudication of the claims.

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). This standard is "especially true" when the plaintiff "is proceeding pro se." *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Regarding futility of amendment, a proposed amendment is futile if the additional claims would be subject to dismissal under any circumstance, including failure to withstand a motion to dismiss or motion for summary judgment. *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ."). The futility should be apparent. *See TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (noting the liberal Rule 15(a) standard "does not apply where an amendment obviously would be futile").

To avoid dismissal, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When apparent grounds to deny leave are absent, however, the plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants' response cites two reasons to deny Staake's motion to amend: undue delay and futility of amendment. (*See* Doc. 75 at 4-13.)

Addressing undue delay, Defendants argue that two circumstances reveal that Staake "has been unduly dilatory in seeking this amendment": first, "[h]e has had the full set of his Doña A[n]a medical records since mid-September," and second, "[h]e has known since the Court's [MOO] of March 4, 2016, that he needed to identify the unknown medical provides to pursue any claims against them." (Doc. 75 at 13.) Defendants add that this delay "prejudiced" them because Staake waited until after they "filed an extensive *Martinez* Report" to seek leave to amend. (*Id.*)

3

Defendants' one paragraph prejudice claim is overstated and underdeveloped. (*See* Doc. 75 at 13.) Staake notified them and the Court in his original complaint that he anticipated adding additional defendants, so it seems reasonable for them to assume that he would use their disclosures to modify his original complaint. (*See* Doc. 1 at 3.) Defendants' case authority is also unavailing. They cite without explanation an unpublished Tenth Circuit case finding no abuse of discretion in the district court's denial of leave to amend. (*See* Doc. 75 at 13 (citing *Sipp v. Unumprovident Corp.,* 107 F. App'x 867, 877 (10th Cir. 2004) (unpublished).) *Sipp*, however, is distinguishable: the Tenth Circuit noted that the plaintiff had "the facts needed to support [his] claims . . . at the time that the original complaint was filed" and recognized the district court's concern that granting leave to amend "would inevitably require reopening discovery and essentially starting this case anew." *Id.* (quotation omitted). Here, Defendants do not argue that Staake had the necessary facts to name the additional defendants when he filed suit or that permitting Staake leave to amend would require additional discovery. In addition, *Sipp* involved traditional discovery and was a case about whether the plaintiff was disabled and entitled to insurance benefits—a much different circumstance than a prisoner civil rights case involving the alternative discovery procedure of a *Martinez* report. (*See id.* at 869.) Defendants have failed to explain why *Sipp* is analogous to this case or otherwise demonstrate prejudice.

Defendants' second argument to deny Staake's motion—that his claims against the new defendants are futile (*see* Doc. 75 at 5-12)—is likewise unpersuasive because Staake's factual allegations are sufficiently detailed. The only exception is his claims against defendant Isaac Lucero, who Staake does not mention, at all, in the fact sections of his proposed amended complaint. (*See* Doc. 72 at 8-15.) Given the absence of factual allegations, Staake's motion to amend as to Lucero should be denied because the claims are futile. *See Twombly*, 550 U.S. at

570 ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.") (internal quotations and citation omitted, alteration in original). The claims against the other five defendants, however, should be permitted to proceed because they are supported by specific factual allegations and do not appear "obviously" futile. *See TV Commc'ns Network, Inc.*, 964 F.2d at 1028.

I recommend the Court grant-in-part Staake's motion—and grant leave to amend as to defendants Roslyn Walden, Eduardo Berumen, Deisy Natividad, Lindesy Huckett, and Dr. Manuel Vaquera[1]—and deny-in-part Staake's motion—and deny leave to amend as to Isaac Lucero.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

---

[1] Staake misspelled the names of three defendants—Berumen, Huckett, and Dr. Vaquera—in the case caption of his proposed amended complaint. (*Compare* Doc. 76 at 3 (proposed amended complaint listing "NP Eduardo Beruman," "Lindsey Huckett," and "MD. Manual Vaquera") *with* Doc. 58-1 at 51 (medical note entered by "Berumen NP, Eduardo") *and* Doc. 58-2 at 163-165 (medical notes entered by "Huckett[,] Lindsey") *and* Doc. 58-1 at 64 (medical note entered by "Vaquera MD, Manuel").)