# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.                                                                             15cv715 MCA/WPL

FNU BARRELA, et al.,

    Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Defendants filed timely objections (Doc. 90) to Magistrate Judge William P. Lynch's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 89), which recommended granting-in-part and denying-in-part pro se plaintiff Mark Staake's Motion for Leave to File an Amended, Supplemental Complaint (Doc. 72).

In the PFRD, Judge Lynch provided the case background (*see* Doc. 89 at 1); noted that Staake, in his original complaint, announced that he would seek to add additional defendants when he learned their names through discovery (*see id.* at 1-2); noted that the proposed amended complaint, in fact, relied on discovery to "add six allegedly culpable medical providers as defendants" (*id.* at 1); noted that the proposed amended complaint "is more detailed" because it "includes pinpoint citations to the *Martinez* report" (*id.* at 2); identified Rule 15(a)(2) of the Federal Rules of Civil Procedure as the applicable legal standard (*id.* at 2-3); noted that Defendants advance two arguments in their response to deny leave to amend: "undue delay and futility of amendment" (*id.* at 3); found the undue delay argument unpersuasive because Staake "notified [Defendants] and the Court in his original complaint that he anticipated adding

additional defendants" (*id.* at 4); and likewise found the futility of amendment argument unpersuasive as to five of the six additional defendants because "Staake's claims . . . are supported by specific factual allegations and do not appear 'obviously' futile" (*id.* at 5) (quotation omitted).

Defendants "respectfully object to this last determination." (Doc. 90 at 3.) They argue that Judge Lynch improperly focused on the specificity of Staake's claims, rather than whether the "relevant records of the *Martinez* report" demonstrated that the claims were futile. (*Id.* at 4.) Defendants appear to agree with Judge Lynch on the law regarding futility of amendment because the statement of law in their objections is essentially the same as the statement of law in Judge Lynch's PFRD. (*Compare* Doc. 89 at 3 *with* Doc. 90 at 3.)

"Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *United States v. Hougham*, 364 U.S. 310, 316 (1960)). "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208.

Defendants' objection is overruled because they are not prejudiced by Staake's proposed amended complaint. Staake notified Defendants that he would seek leave to amend after discovery commenced, so they had adequate notice. Further, the proposed amended complaint relies on the *Martinez* report, which presents a confined set of facts that Defendants are very familiar with—because they prepared it. Said another way, Defendants' ability to prepare a

defense is not hampered because they will rely on the same, limited set of facts that were already applicable to the claims in Staake's original complaint. *See Minter*, 451 F.3d at 1208. This resolution is fair to both parties. *See Bylin*, 568 F.3d at 1229 ("The district court has wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation") (quotation omitted).

Staake's Motion for Leave to File an Amended, Supplemental Complaint (Doc. 72) is granted-in-part and denied-in-part. The "Verified Amended Supplemental Complaint" attached to his motion (Doc. 72 at 3-28) is adopted as the operative complaint, except as to Defendant "RN Isaac Lucero," who will not be added as a defendant.

In addition, the parties will, from this point forward, correctly spell the names of the new defendants in subsequent motions and filings. Judge Lynch noted the correct spellings in the last paragraph of his PFRD. (*See* Doc. 89 at 5.)

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE